UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

           Plaintiff,

v.

KEVIN J. McCARTHY,

           Defendant(s).

Case No. C23-0056-BJR-SKV

REPORT AND RECOMMENDATION

Plaintiff John Demos, a state prisoner, has filed an application to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkts. 1, 1-1. Plaintiff alleges in his complaint that the newly elected speaker of the United States House of Representatives, Kevin McCarthy, committed high crimes and misdemeanors during the election process, and that he is subject to removal from office under Article II, Section 4 of the U.S. Constitution. Dkt. 1-1 at 4. Plaintiff claims that Mr. McCarthy engaged in bribery when he offered concessions to GOP "hardliners" and "holdouts" to obtain their votes, and that he "made side deals with the Freedom Caucus" in order to secure the votes necessary to prevail in the speakership election. *Id*. at 4-5. Plaintiff maintains that Mr. McCarthy's conduct was unlawful and that it constitutes an

REPORT AND RECOMMENDATION
PAGE - 1

impeachable offense. *Id*. at 5. Plaintiff asserts that he suffered mental, emotional, and physical injury as a result of Mr. McCarthy's alleged misconduct. *Id*. at 5.

Plaintiff identifies Mr. McCarthy as the lone Defendant in this action. *See id*. at 1, 10. Plaintiff does not specify in his pleading the nature of the relief he is seeking from this Court. *See id*. at 9.

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Because of Plaintiff's history as an abusive litigant, he is permitted to submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ("the 1992 Bar Order"); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). In addition, because Plaintiff has acquired more than three "strikes" under 28 U.S.C. § 1915(g), he may not proceed IFP unless he plausibly alleges that he faced imminent danger of serious physical injury at the time he filed his complaint. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

The Court first observes that both Plaintiff's application to proceed IFP and his complaint are deficient. Specifically, Plaintiff's IFP application is deficient because he failed to submit with his application a prison trust account statement, and Plaintiff's complaint is deficient because he failed to sign his pleading as required by Rule 11(a) of the Federal Rules of Civil Procedure. However, it would serve no purpose to afford Plaintiff an opportunity to correct

REPORT AND RECOMMENDATION
PAGE - 2

these deficiencies as Plaintiff has not satisfied the requirements of either the 1992 Bar Order or 28 U.S.C. § 1915(g).

The 1992 Bar Order provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims presented have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." *See In re Demos*, MC 91-269-CRD, Dkt. 1 at 2-3.  Plaintiff did not submit the requisite affidavit with his proposed complaint.  In addition, Plaintiff's submission does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews*, 493 F.3d at 1055.

For the foregoing reasons, this Court recommends that Plaintiff's IFP application (Dkt. 1) be DENIED, and that Plaintiff complaint and this action be DISMISSED without prejudice.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 10, 2023**.

DATED this 13th day of January, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3